# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| HEATHER EDEN, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Civil Action No. 3:18-cv-5056-NKL |

## ORDER

Plaintiff Heather Eden seeks review of the decision by Defendant denying her claim for Supplemental Security Income. For the reasons set forth below, the Court affirms the ALJ's decision.

I. **BACKGROUND**

Eden filed an application for Supplemental Security Income on January 24, 2013, pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. Tr. 136. Eden, who was born in 1974, claimed that she became disabled April 1, 2005. Tr. 136, 162. She claims that her disability is caused by mental impairments, migraines, fibromyalgia, and asthma.

Eden's case is before the Court for the second time. The Court previously remanded the proceeding (Tr. 784-94), but there is no dispute that the Court's prior decision is not at issue on this appeal. *See* Doc. 16, p. 2; *see, generally,* Doc. 17. On remand, the ALJ concluded, after another hearing, that Plaintiff had the following severe impairments: probable fibromyalgia, migraines, asthma, chronic rhino sinusitis, obesity, and mental impairments variously diagnosed as depression, post-traumatic stress disorder, generalized anxiety disorder, panic disorder,

1

bereavement, and bipolar affective disorder. Tr. 647-48. The ALJ nonetheless concluded that Eden retained the residual functional capacity ("RFC") to perform work as follows:

> light work as defined in 20 CFR 416.967(b) except she cannot climb ladders, ropes, or scaffolds; can frequently climb ramps and stairs; can occasionally stoop, kneel, crouch, and crawl; must avoid concentrated exposure to extreme cold, excessive vibration, concentrated use of hazardous machinery except motor vehicles, and unprotected heights; must avoid even moderate exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas. She can maintain concentration, persistence and pace on simple tasks for two-hour periods, make simple work-related decisions, understand, remember, and carry out simple work instructions and procedures, and can adapt to changes in the workplace that are simple, predictable, and can be easily explained. She should avoid working with the public, but can engage in occasional and superficial interaction with coworkers and supervisors.

Tr. 652. Based on the testimony of a vocational expert, the ALJ concluded that Eden's RFC would allow her to work as a Mail Clerk or Battery Assembler—jobs that exist in significant numbers in the national economy, including in the State of Missouri. Tr. 658. The ALJ therefore concluded that Eden was not under a "disability" as that term is defined in the Act. Tr. 658-59. The Social Security Administration's Appeals Council subsequently denied Plaintiff's request for review. Tr. 635-641. The ALJ's decision constitutes the final decision of the Commissioner subject to judicial review.

## II. **STANDARD**

The Court must affirm the Commissioner's denial of social security benefits "if substantial evidence in the record as a whole supports the ALJ's decision." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). "Substantial evidence is less than a preponderance, but is enough so that a reasonable mind would find it adequate to support the ALJ's conclusion." *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). The Court must consider both "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id*. (quotation marks and citation omitted). However, "as long as substantial evidence in the record supports the Commissioner's

2

decision, [the Court] may not reverse it because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (quotation marks and citation omitted). The Court must "defer heavily to the findings and conclusions of the Social Security Administration." *Michel v. Colvin*, 640 F. App'x 585, 592 (8th Cir. 2016) (quotation marks and citations omitted).

### III. DISCUSSION

Eden argues (1) that the ALJ failed to include certain limitations described by a treating psychiatrist that the ALJ had deemed credible, and (2) that the ALJ did not properly evaluate Eden's allegations. The Court considers these arguments in turn.

#### a. Whether the ALJ Failed to Include Certain Restrictions as to which Dr. Christy Opined

Richard Christy, M.D., Eden's treating physician from September 9, 2014 through 2016 (Tr. 1063-1110, 2092-2134), provided a check-the-box form titled "MEDICAL SOURCE STATEMENT – MENTAL" on January 28, 2016. The ALJ purported to afford "great weight" to Dr. Christy's opinion. However, Eden claims that the ALJ nonetheless failed to include in the RFC all of the limitations as to which Dr. Christy opined, without explanation.

Dr. Christy opined that Eden was "Moderately Limited" in four abilities: "to understand and remember detailed instructions," "to maintain attention and concentration for extended periods," "to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," and "to accept instructions and respond appropriately to criticism from supervisors." Tr. 1035-36. In every other regard, Dr. Christy deemed Eden "Not

3

Significantly Limited." The check-the-box form defines "Moderately Limited" as "Impairment levels are compatible with some, but not all, useful functioning."

Eden argues that the ALJ "did not include limitations from the opinion in the RFC or explain why the credible limitations were omitted." Doc. 11, p. 14. In fact, Dr. Christy's opinion that Eden had "some, but not all, useful functioning" in understanding and remembering detailed instructions is consistent with the ALJ's conclusion that she can "carry out simple work instructions and procedures, and can adapt to changes in the workplace that are simple, predictable, and can be easily explained." Dr. Christy's opinion that Eden had "some, but not all, useful functioning" in maintaining concentration for extended periods is consistent with the ALJ's conclusion that she "can maintain concentration . . . on simple tasks for two-hour periods . . . ." Dr. Christy's opinion that Eden had "some, but not all, useful functioning" in completing a normal workday and work week without interruption from psychologically based symptoms and performing at a consistent pace is consistent with the ALJ's conclusion that she "can maintain . . . persistence and pace on simple tasks for two-hour periods" and "should avoid working with the public . . . ." Finally, Dr. Christy's opinion that Eden had "some, but not all, useful functioning" in accepting instructions and responding appropriately to criticism from supervisors is consistent with the ALJ's conclusion that she can "carry out simple work instructions and procedures, and can adapt to changes in the workplace that are simple, predictable, and can be easily explained," and that she "can engage in occasional and superficial interaction with coworkers and supervisors."

The cases that Eden cites are distinguishable. For example, in *Gann v. Berryhill*, the treatment professionals opined that the claimant's "ability to adapt to a work environment appears to be highly marginal," and that the claimant had "adaptive limitations" that would prevent working in a setting that "require[d] frequent or intense . . . change in routine." 864 F.3d 947,

952-53 (8th Cir. 2017). However, despite the fact that the ALJ gave the opinions "significant weight" (*id.*, at 953), neither the RFC assessment nor the ALJ's hypothetical question to the vocational expert included these adaptive limitations. The claimant's limitations in *Gann* were more severe than the limitations as to which Dr. Christy opined, and the ALJ's RFC here reflected those limitations. Eden also notes that this Court previously found that an RFC for simple, repetitive tasks did not account for a moderate limitation in the ability to complete a normal workday and workweek and the ability to perform at a consistent pace, citing *McNertney v. Astrue*, No. 10-3149-NKL, 2011 WL 2416618 (W.D. Mo. June 13, 2011). However, in *McNertney*, "'Moderately limited'" was defined as: '[a]n impairment which seriously interferes with, and in combination with one or more other restrictions assessed, will preclude the individual's ability to perform the designated activity on a regular and sustained basis, *i.e.,* 8 hours a day, for 5 days a week, or an equivalent work schedule.'" *Id.*, at *2. In other words, the "moderate" limitation at issue in *McNertney* was by definition more severe than the "moderate" limitation here. *Compare McNertney*, 2011 WL 2416618, at *2 (defining "moderately limited" as an impairment that "seriously interferes with . . . ability to perform the designated activity) *with* Tr. 1035 (defining "Markedly Limited" as "limitations that seriously interfere[] with the ability to function independently" and defining "Moderately Limited" as "Impairment levels are compatible with some, but not all, useful functioning"). *McNertney* therefore is not applicable.

Eden bears the burden of establishing that a more restrictive RFC was required. *See Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016) ("The claimant has the burden to establish his RFC."). Yet, she has not established on the facts or the law that a more restrictive RFC was warranted here.

### b. **Whether the ALJ Failed to Properly Evaluate Eden's Conditions**

The Court turns now to the question of whether the ALJ properly evaluated Eden's conditions. Eden argues that the ALJ erred in noting that her physical examinations were largely normal and finding that her mental examinations centered around financial concerns and family conflicts and her daily activities were not consistent with allegations of disability.

The Court "defers to the ALJ's determinations as long as good reasons and substantial evidence support the ALJ's evaluation . . . ." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018) (quotation marks and citation omitted).

The only physical ailments that Eden specifically argues warrant a different outcome are her fibromyalgia and migraines. However, the ALJ concluded that these impairments are "severe" for Eden (Tr. 647) and that her physical impairments, in combination with obesity, limit Eden's ability to lift and carry and to work at the light exertional range (Tr. 650). Thus, the ALJ took account of her complaints of fibromyalgia and migraines in spite of the lack of medical record evidence.

The ALJ's conclusions are consistent with other evidence in the record, including the facts that she first ceased working in 2010 because of budget cuts. Tr. 217 ("She thinks that she will not have a job to return to school as a cook this school year due to budget cuts."). She cared for children (Tr. 707-08, 2114 ("Ms. Eden related she has been continuing to babysit and is enjoying the job.")) and her disabled mother (Tr. 734-35). *See* 20 C.F.R. § 416.971 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."); *Tindell v. Barnhart*, 444 F.3d 1002, 1006 (8th Cir. 2006) (finding that ALJ's discounting of claimant's credibility was well supported where ALJ noted that claimant worked ten hours per week in a catering business and took care of her young grandchild); *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) ("It was also not unreasonable for the ALJ to note

that Harris's . . . part-time work [was] inconsistent with her claim of disabling pain."). The ALJ's conclusion that Eden's physical impairments are not disabling is also consistent with medical records indicating Eden's improvement with treatment. *See, e.g.,* Tr. 586 ("She got a Botox treatment for her migraines which has helped her somewhat."); Tr. 614 ("Heather is taking Botox for migraines and this is helping."). An impairment that can be controlled by treatment or medication cannot be considered disabling. *Hensley v. Colvin*, 829 F.3d 926, 933 (8th Cir. 2016).

Similarly, the ALJ's conclusions concerning Eden's mental impairments are consistent with evidence that her conditions were improving. *See* Tr. 612 ("She is getting better at controlling anxiety about all issues."); Tr. 614 ("She is continuing to cope with severe anxiety."); Tr. 1076 ("Heather . . . says her anxiety is better. . . . She is feeling much less anxious."); Tr. 1084 ("Heather . . . says her anxiety is better. She said she is doing OK . . . ."). Moreover, as the ALJ noted (Tr. 653), the record showed that Plaintiff's mental status examinations were "consistently" normal. *See* Tr. 225 (emergency record showing normal assessments); Tr. 401 (noting normal mood, affect, and behavior); Tr. 409 (same); Tr. 432 (noting normal mood, affect, behavior, judgment, and thought); Tr. 451 (noting normal mood and affect); Tr. 471 (noting negative psychiatric/behavioral findings); Tr. 1063 (noting that claimant reported doing "fair" and that she was "doing okay"); Tr. 1378 (noting no focal deficits, "mood normal," appropriate affect, and that Eden was awake, alert and oriented); Tr. 1760 (noting "normal mood and affect"). *See Chesser v. Berryhill*, 858 F.3d 1161, 1167 (8th Cir. 2017) (holding that "doctors' observations of [claimant]'s mood and affect are relevant to the assessment of the severity of [claimant]'s symptoms").

The ALJ's conclusion that Eden's situational problems contributed to her mental impairments was not improper. *See Gates v. Astrue*, 627 F.3d. 1080, 1082 (8th Cir. 2010) (concluding that "any depression experienced by [claimant] was situational in nature, related to

7

marital issues, and improved with a regimen of medication and counseling"). It was amply supported by the record. *See, e.g.,* Tr. 1061 ("There is a lot of stress in her life."); Tr.1063 (reporting stress caused by problems with child); Tr. 2108 (noting stresses attributable in part to family issues and financial difficulties); Tr. 2112 (reporting stress due to financial and family issues). Finally, as discussed above, the ALJ's conclusion is also supported by the opinion of Dr. Christy, a treating psychiatrist.

Substantial evidence thus supports the ALJ's conclusion that Eden is not disabled.

## IV. CONCLUSION

Because Eden has not identified any aspect of the ALJ's decision that is unsupported by substantial evidence in the record, the Court affirms the ALJ's decision.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 22, 2019
Jefferson City, Missouri